JH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

AUG 0 3 2007
AUG. 3, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Shauntae Robertson And
Class of Inmates at Cook
County Jail Simularly Situated.

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs. Case No:
(To be s

Sheriff Thomas Dart, S. Kurtovich
Gilbert marchman, munir muhammed,
Howard Brodkins, Esequiel Iracheta, Superintendent mc Gire
Chief Kaufman, Chief Debadier, c/o Lanear, c/o pobbalino,
c/o Harris, c/o Traujho, c/o Letiere, Sgt. Johnson, chief Scaife, John Doe
1 through 100 each an individual and unknown Internal affairs-
-investigators.

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

07CV4398
JUDGE PALLMEYER
MAG. JUDGE COLE

CHECK ONE ONLY:

__X__ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

**I.** **Plaintiff(s):**

A. Name: Shauntae Robertson

B. List all aliases: Shaunie Lee

C. Prisoner identification number: 2007-0020353

D. Place of present confinement: Cook-County-Jail-Department-of-Corrections

E. Address: P.O. Box 089002, Chicago, ILL 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

**II.** **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Thomas Dart
Title: Sheriff
Place of Employment: Cook County Jail, 2700 S. California - Chicago, Illinois 60608

B. Defendant: Steve or Scott Kurtovich
Title: Chief executive Director
Place of Employment: Cook-County-Jail, 2700 S. California Chicago, ILLinois 60608

C. Defendant: Gilbert Marchman
Title: Board of Corrections member
Place of Employment: Cook-county-Jail 2007 S. California - Chicago, ILLinois 60608

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

D. Defendant: Munir Muhammed

Title: Board of corrections vice chairman

Place of employment: Cook-County Jail, 2700 S. California Chicago, Illinois 60608

E. Defendant: Howard B. Brookins

Title: Board of corrections member

Place of employment: Cook-County Jail, 2700 S. California Chicago, Illinois 60608

F. Defendant: Esequiel Iracheta

Title: Board of corrections chairman

Place of employment: Cook-County Jail, 2700 S. California Chicago, Illinois 60608

G. Defendant: Chief Kaufman

Title: Correctional Chief of Internal affairs.

Place of employment: Cook-County Jail, 2700 S. California, Chicago, Illinois 60608

3

H. Defendant: Chief Debadier

Title: Corrections Chief

place of employment: Cook-County-Jail, 2700 S. California, Chicago, IL 60608

I. Defendant: Scaife

Title: Chief

place of employment: Cook-County-Jail 2700 S. California Chicago Illinois 60608

J. Defendant: MC. Gire

title: Superintendent

place of employment: Cook-County-Jail 2700 S. California Chicago-Illinois. 60608

K. Defendant

Title:

place of employment:

4

### III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (X)  NO ( )  If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (X)  NO ( )

C. If your answer is **YES**:

1. What steps did you take?
I filed two grievances concerning the facts of this complaint

2. What was the result?
The Social-Worker refused to process but one of the grievances. The one that was processed I was denied relief on.

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
I appealed and the appeal board denied my appeal. I exhausted all available administrative remedies regarding the facts of this complaint.

D. If your answer is **NO**, explain why not: N/A

5

E. Is the grievance procedure now completed? YES (X) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( )   N/A

G. If your answer is **YES**:

    1. What steps did you take?   N/A

    2. What was the result?   N/A

H. If your answer is **NO**, explain why not:   N/A



IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _none_ _No previous Lawsuit ever Filed._

B. Approximate date of filing lawsuit: _None_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _None_

D. List all defendants: _None_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _None_

F. Name of judge to whom case was assigned: _None_

G. Basic claim made: _None_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _None_

I. Approximate date of disposition: _N/A_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

**V. Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

__Nature of Case__

This is a civil rights action by Shauntae Robertson an pre-Trial detainee at the Cook-County-Jail alleging the use of excessive force by Cook-County-Jail c/o's and official's; deliberate indifference to said instance of excessive forces; And a well established practice of the use of excessive force that was a direct proximate cause of said excessive force on mr. Robertson.

The parties:

At all times relevant to this complaint plaintiff Shauntae Robertson (were in after "Robertson") was an pre-trial detainee at Cook-County-Jail awaiting trial on charges of murder.

At all times relevant to this complaint defendant Thomas Dart is employed in place of Then Sheriff Michael Sheahan of Cook-County-Jail and is ultimately responsible for all policies practices and procedures of the Cook-County Jail that apply to its detainees and is individually responsible for failing

8

to take the reasonable steps to eliminate the cook-county Jail wide practice of excessive force set forth infra which was a direct and proximate cause of the excessive force suffered by plaintiff Robertson. Defendant Thomas Dart (in place of michael Sheahan)(here-in after "Dart") knew of this practice of excessive force, knew his Subordinates were not taking the reasonable steps to eliminate said practice of excessive force in knowing disregard of the fact that further instance of excessive force and inmate injuries would result. He is sued in his individual and his official capacities.

Defendant Steve or Scott Kurtovich (herein after "kurtovich") is employed as a director of cook-county-Jail and is ultimately responsible for all policies, practies, and procedures of the cook-county-jail which applies to it's detainees. He is sued in his individual and official capacities.

At all times relevant to this complaint defendants Howard B. Brookins (here in after "Brookins") And Gilbert Marchman (hereinafter "marchman") were and are employed as Board of corrections members at cook-county-jail. They are sued in their individual

9

and official capacities.

At all times relevant to this complaint defendant munir muhammed (here in after "muhammed") was and is employed as the Board of corrections vice chairman at cook county Jail. He is sued in his individual and official capacities.

At all times relevant to this complaint defendant Esequiel Iracheta (here in after "Iracheta") was and is employed as the Board of Corrections chairman at cook-county Jail. He is sued in his individual and his official capacities.

At all times relevant to this complaint chief kaufman (here in after "kaufman") was and is employed as a correctional chief of Internal affairs at cook-county-Jail. He is sued in his individual and official capacities.

At all times relevant to this complaint cheif Debadier (here in after "Debadier") is sued in his individual and official capacities.

At all times relevant to this complaint defendants correctional officer Lanear (here in after "Lanear")

correctional officer pobbalino (here in after "pobbalino") correctional officer Harris (here in after "Harris") correctional officer Trayho (here in after "Trayho") correctional officer Letiere (here in after "Letiere") were employed as correctional officers at cook county Jail. They are sued in their individual and official capacities.

At all times relevant to this complaint Sergeant Johnson (here in after "Johnson") defendant was employed as a correctional sergant at cook-county Jail. He is sued in his individual and official capacities.

At all times relevant to this complaint chief Scaife (here in after "Scaife") was employed as chief of Division 11 at cook-county-Jail. He is sued in his individual and official capacities.

At all times relevant to this complaint defendant mc Gire (here in after "mc Gire") was employed as division 11 superintendent at cook-county-Jail. He is sued in his individual and official capacities.

Defendants John Does (here in after "Does") is employed at cook-county-Jail and names are

11

unknown to plaintiff. They will be identified by plaintiff at a later date and named in an amended complaint. They are sued in his and/or her official capacities.

Defendants unknown Internal Affairs Investigators at Cook County Jail. They are sued in their individual and official capacities.

The plaintiff class of inmates at Cook County Jail similarly situated (here in after "plaintiff class") consist of all of the detainees incarcerated at Cook County Jail similarly situated and are too numerous to state individual claims as opposed to the class action claims without an enormous burden and flood of litigation within the courts. All class claims similarly apply to all members of the class, plaintiff class. plaintiff is in a position to properly represent the interests of the plaintiff class and this position would be greatly enhanced with the appointment of counsel to prosecute this case on the plaintiff class behalf.

19. All of the defendants have acted and continue to act under color of state law at all times relevant to this complaint.

I

Excessive force claim - Individual Liability and Deliberate Indifference

20. On January 22, 2006 defendants Dart (who is in place of Sheriff Sheahan) Kurtovich, Marchman, Muhammed, Brookins, Iracheta, McGuire, Kaufman, Debadier, Lanear, Pobbalino, Harris, Trayho, Letiere, Johnson, Scaife, John Does, and U.I.A.I. were duly employed employees of the Cook County Department of Corrections working at the Cook County Jail within their scope of employment and pursuant to the policies practices and procedures of the Cook County Jail which applies to its detainees.

21. On January 22, 2006 in the Cook County Jail Division II tier A.C. portective custody was plaintiff beating jumped on by c/o's. In this attack c/o's beaten punched, stomped and kicked plaintiff, ofc's Trayho, Pobbalino, Letiere, Lanear, Harris and

13

a Sergeant Johnson, and John Does maliciously and sadistically for the sole purpose of causing plaintiff harm, physical pain and suffering and injury, while defendant John Doe's and Johnson stood by and watched allowed and condoned the beating of plaintiff.

22. As a direct and proximate cause of the above described actions and inactions of defendants plaintiff suffered violations of his 14th and 8th Amendment U.S. constitutional rights to be free from excessive force and cruel and unusual punishment, violation of his constitutional rights, blunt head trauma, testicular tortion, multiple bruising and contusions, neck trauma, back trauma, testicular swelling, pain in knees and ankles, headaches which continue to this day, pain and suffering and mental pain and suffering, shock, fight, mortification, humiliation, anguish, shame, and future physical pain and suffering.

municipal liability on individual above excessive force claim. 1-22 realleging paragraphs 1 through 22 supra and incorporating here-in.

23. On information and belief defendants, Traylho, pobbalino, letiere, lanear, Harris, Sergeant Johnson, and John Does, have engaged in several dozen paste instances of excessive force on Cook county

pg.# 14

Jail detainees which constitutes a practice of the use of excessive force on Cook County Jail detainees that though contrary to written policy is so well established as to have the force of law. It was pursuant to this practice of excessive force that defendants used excessive force on plaintiff as set forth in paragraphs 1 through 22 supra and incorporated herein. Defendants Dart, Kurtovich, Marchman, Muhammed, Brookins, Iracheta, McGuire, Kaufman, Debadier, Lanear, Pebbalino, Harris, Trayho, Letiere, Johnson, Scaife, John Does, and C.I.A. knew of this practice of excessive force, knew this practice of excessive force posed the imminent risk of serious bodily harm to the person of the Cook-County-Jail detainees and failed to take the reasonable steps to protect plaintiff from said practice of excessive force despite the duty they owed plaintiff to protect him from excessive force. Thereby directly and proximately causing the excessive force suffered by the plaintiff as described in paragraphs 1 through 22 and incorporated herein. Defendant Dart (in place of Sheahan) knew of this practice of the use of excessive force, knew his subordinates including defendants were not taking the steps to protect the jail detainees from said practice of excessive force and himself failed to do anything about it, encouraging, allowing, condoning, approving of, directing and acquiescing in said

pg.15

practice of the use of excessive force.

24. Moreover the excessive force suffered by plaintiff as described in paragraphs 1 through 22 supra were directly and proximately caused by the systematic, Jail-wide practice of excessive force alleged in paragraphs 1 through 28 of the class claim alleged infra. Defendants Dart, Kurtovich, Marchman, Muhammed, Brookins, Iracheta, Mc.Gire, Haufman, Debadier, Lanear, Pobbalino, Harris, Trayho, Letiere, Johnson, Scaife, and U.I.A.I knew of this Jail-wide practice of excessive force, knew this practice posed the imminent risk of serious bodily harm to the persons of the Cook County Jail Detainees and failed to take the reasonable steps to protect plaintiff from said practice of excessive force despite the duty they owed plaintiff to protect him from excessive force, thereby directly and proximately causing the excessive force suffered by the plaintiff as described in paragraphs 1 through 22 supra. Defendant Dart knew of this systematic Jail-wide practice of excessive force, knew his subordinates including defendants were not taking the reasonable steps to protect the Jail detainees from said practice, and himself failed to do anything about it. Encouraging, allowing, condoning, approving of, directing and acquiescing in said practice.

pg.#14

25. As a direct and proximate cause of the actions and inactions of defendants, plaintiff suffered the excessive force set forth above in paragraphs 1 through 22, violations of his 14th and 8th Amendment U.S. Constitutional rights to be free from excessive force and cruel and unusual punishment, violations of his constitutional rights and violations of his constitutional rights, blunt head trauma, testicular tortion, multiple bruising and contusions, neck trauma, back trauma, testicular swelling, pain in knees and ankles, headaches which continue to this day, pain and suffering and mental pain and suffering, shock, fight, mortification, humiliation, anguish, shame, and future physical pain and suffering.

Class action claim - Systematic Jail-wide practice of Excessive Force that poses an imminent risk of Serious Bodily Harm To the persons of the Cook County Jail Detainees and Deliberate indifference of the Jail officials to this Risk of Harm.

1-25) Re llaging 1 through 25 above and incorporating herein.

26. Plaintiff class consists of all detainees both male detainees and female detainees, incarcerated at the Cook County - Jail in Chicago, Illinois. Approximately 9,500 detainees at the Cook County Jail. All the detainees at the Cook County - Jail make up the plaintiff class.

27. There is a systematic Jail wide practice and policy of the use of excessive force by Cook County Jail officers and officials, on detainees of the Cook county Jail. This practice of the use of excessive force on detainees plaintiff class, at the Cook County Jail by Cook County Jail officials and officers is So systematic, wide spead and pervasive within the Cook-county Jail that it has become a common everyday facet of institutional life at the Cook county Jail. Creating an environment in which all members of the plaintiff class can reasonably expect to suffer excessive force, and serious bodily harm or otherwise intentional malicious and sadistic sever infliction of physical pain and suffering, multiple times at the hands of Cook County Jail officers and officials during their incarceration at Cook County Jail. Defendants Dart, Kurtovich, Marchman, Muhammed, Brookins, Iracheta, Superintendent Mc,Gire, Kaufman, Debadier. And U.I.A.I know of encourage, allow, approve of, ratify, direct, partake, and acquiescence is Said Systematic Jail wide practice of the use of excessive force which poses a serious imminent risk of serious injury to the members of the plaintiff class, ~~defendants~~ Defendant Dart knows of this systematic Jail-wide practice of the use of excessive force and the imminent risk of serious bodily harm it poses to the members of the plaintiff class, And knows his subordinates including defendants are not taking the reasonable steps to protect the members of plaintiff class, and himself is failing to do anything about it. Encouraging, allowing, condoning, approving of, directing and acquiescing in said practice, said

systematic Jailwide practice of the use of excessive force is so well established as to have the force of law. Serveral thousand incidents of excessive force on detainees of the Cook County Jail by Cook County Jail correctional ~~___~~ officers and officials have occurred.

28. On several previous occasions plaintiff and other members of the plaintiff class communicated to defendants (Dart in place of Sheahan) Kurtovich, Marchman, Muhammed, Brookins, Iracheta, Superintendent Mc, Gire, Kaufman, Debadier, Sgt. Johnson, Chief Scaife, and U.I.A.I that the systematice Jailwide practice of the use of excessive force on detainees of the cook county Jail by cook county Jail correctional officers and officials poses a serious and imminent risk of serious bodily harm to the person of the detainees of the cook county Jail, the plaintiff class.

**VI. Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

As to Count one and count two actual damages and punitive damages against each of the defendants both jointly and severally.
Injunctive relief directing defendants their officers and agents to refrain from using unconstitutional use of excessive force against members of the plaintiff class.

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20____

_____
(Signature of plaintiff or plaintiffs)

_____
(Print name)

_____
(I.D. Number)

_____

_____
(Address)

19