**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAUNTE ROBERTSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | NO.   07 CV 4398 |
| v. | ) | |
| | ) | |
| **THOMAS DART, as SHERIFF OF** | ) | |
| **COOK COUNTY, OFFICER WILFREDO** | ) | |
| **TREJO, OFFICER CODY LETTIERE,** | ) | |
| **SERGEANT CRAIG JOHNSON, CAPTAIN** | ) | **JUDGE PALLMEYER** |
| **SCAIFE, OFFICER NICK PAOLINO,** | ) | |
| **OFFICER SHAUN MENAGH, OFFICER** | ) | |
| **HARRY VERA, OFFICER ALBERT LOPEZ,** | ) | |
| **SERGEANT CRAIG SCHICKEL,** | ) | |
| **LIEUTENANT LOWELL DAHMEN and** | ) | |
| **OFFICER RONALD MARTINEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

## SECOND AMENDED COMPLAINT

1. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and the Constitution of the United States.

## PARTIES

2. Plaintiff SHAUNTE ROBERTSON, is a citizen of the United States and a resident of Will County, State of Illinois.

3. Defendant THOMAS DART, as SHERIFF OF COOK COUNTY, ("SHERIFF"), is a municipal corporation within the States of Illinois, and was, at all times relevant to the Complaint, the employer of the Defendant Sheriff's Officers and Sergeant. The Sheriff is joined in this action with regard to the federal claims pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2001).

4. Defendant OFFICER WILFREDO TREJO, ("TREJO"), is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

5. Defendant OFFICER CODY LETTIERE, ("LETTIERE") is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

6. Defendant SERGEANT CRAIG JOHNSON, ("JOHNSON"), is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

7. Defendant CAPTAIN SCAIFE, ("SCAIFE") is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

8. Defendant OFFICER NICK PAOLINO ("PAOLINO") is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

9. Defendant, OFFICER SHAUN MENAGH ("MENAGH"), Star # 7740 is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

10. Defendant, OFFICER DANIEL POPP ("POPP"), Star #4302, is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

11. Defendant, OFFICER HARRY VERA ("VERA"), Star # 7523, is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

12. Defendant, OFFICER ALBERT LOPEZ ("LOPEZ"), Star #7913, is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

13. Defendant, SERGEANT CRAIG SCHICKEL ("SCHICKEL"), Star #1070, is

employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

14. Defendant, LIEUTENANT LOWELL DAHMEN ("DAHMEN"), Star #188, is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

15. Defendant, OFFICER RONALD MARTINEZ ("MARTINEZ"), Star #7916, is employed by the Cook County Sheriff's Office and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

## FACTS

16. On January 22, 2006, Plaintiff, SHAUNTE ROBERTSON, was a pre-trial detainee at Cook County Jail.

17. On that same day, Plaintiff, SHAUNTE ROBERTSON, was in Division II, Tier A.C. protective custody.

18. Also on that same day, Plaintiff, SHAUNTE ROBERTSON, was in his cell with his cellmate, Brian Lewis, also a pre-trial detainee at Cook County Jail.

19. At that time, Defendant, TREJO entered Plaintiff's cell and instructed Plaintiff, SHAUNTE ROBERTSON, that the Captain wished to see him.

20. Plaintiff, SHAUNTE ROBERTSON, inquired as to why he was required to see the Captain.

21. At that time, Defendant, TREJO used his radio to notify other employees of the Cook County Sheriff's Department of a "situation", at which point other Sheriff's officers arrived at the Plaintiff's cell.

22. Defendants, TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN and MARTINEZ and then and there used excessive force in their dealings with the Plaintiff, SHAUNTE ROBERTSON.

23. After knocking the Plaintiff to the ground, Defendants, TREJO, LETTIERE,

3

JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN, and MARTINEZ then and there continued to beat him in the face and kick him in the back and legs.

24. Plaintiff, SHAUNTE ROBERTSON, was thereafter transported via ambulance to Mt. Sinai hospital, where he was treated for various serious and permanent injuries, including a broken cheek and fractured jaw, which he sustained as a result of the punitive acts of Defendants, TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN and MARTINEZ.

## COUNT I

### (SHAUNTE ROBERTSON - SEC. 1983 EXCESSIVE FORCE CLAIM VS. TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN AND MARTINEZ)

25. Plaintiff realleges paragraphs 1 through 24 as though fully set forth herein.

26. The actions of Defendants TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN and MARTINEZ in striking the Plaintiff, SHAUNTE ROBERTSON, causing him to fall to the ground and then continuing to beat and kick him, and generally using excessive force against him, violated his Eighth Amendment right to be free from cruel and unusual punishment.

27. The actions of Defendants TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN and MARTINEZ were violations of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and proximately caused the Plaintiff, SHAUNTE ROBERTSON'S, physical injuries, severe pain, mental suffering, anguish and humiliation, as set forth more fully above.

**WHEREFORE**, Plaintiff, SHAUNTE ROBERTSON prays this Honorable Court rule as follows:

A. Find that the Defendants TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN and MARTINEZ violated the constitutional rights of the Plaintiff;

      B.      Find that in violating the Constitutional rights of the Plaintiff, Defendants TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN and MARTINEZ are therefore liable to him under 42 U.S.C. 1983;

      C.      Award the Plaintiff compensatory damages against the Defendants TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN and MARTINEZ;

      D.      Award the Plaintiff punitive damages against the Defendants TREJO, LETTIERE, JOHNSON, SCAIFE, PAOLINO, MENAGH, POPP, VERA, LOPEZ, SCHICKEL, DAHMEN, and MARTINEZ;

      E.      Award the Plaintiff attorney's fees and costs; and

      F.      Award any additional relief this Court deems just and equitable.

      Respectfully submitted:

        /s/ Anastasia X. Pavich
      Attorney for the Plaintiff

Anastasia X. Pavich
MONICO, PAVICH & SPEVACK
20 South Clark
Suite 700
Chicago, Illinois 60603
Telephone No.: (312) 782-8500