**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHAUNTE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.   07 CV 4398 |
| v. | ) | |
| | ) | |
| THOMAS DART, as SHERIFF OF | ) | JUDGE PALLMEYER |
| COOK COUNTY, at. al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' LOCAL RULE 56.1(a)(3)
STATEMENT OF UNCONTESTED MATERIAL FACTS ("RSUMF")**

The Plaintiff, Shaunte Robertson, through his attorney, Anastasia X. Pavich, pursuant to Local Rule 56.1(b)(3), files this Response to Defendants' Local Rule 56.1(a)(3) Statement of Uncontested Material Facts (hereinafter "DSUMF") as follows:

**Plaintiff's Response to DSUMF, pursuant to Local Rule 56.1(b)(3)(A) and (B)**

1. In response to paragraph 1 of DSUMF, plaintiff agrees that on January 22, 2006, plaintiff was a pretrial detainee in Division 11, Tier AC at the Cook County Jail.

2. In response to paragraph 2 of DSUMF, plaintiff agrees that on that day, Defendant, Officer Trejo, opened plaintiff's cell door and began yelling at him.

3. In response to paragraph 3 of DSUMF, plaintiff agrees only that plaintiff yelled back at Defendant Trejo and that Defendant Trejo eventually left the cell. (Exhibit A, Excerpts of Deposition of Shaunte Robertson, pp. 17-19.)

4. In response to paragraph 4 of DSUMF, plaintiff agrees that plaintiff testified that Defendant Trejo returned to the cell and told the plaintiff that the Chief and Captain wanted to see him.

5.     In response to paragraph 5 of DSUMF, plaintiff agrees only that plaintiff informed Defendant Trejo that he would not leave the cell until a lieutenant or sergeant told him that the Chief and Captain wanted to see him and/or until a lieutenant or sergeant escorted him from the cell. (Ex. A, p. 26.)

6.     In response to paragraph 6 of DSUMF, plaintiff agrees that plaintiff testified that Defendant Trejo spoke on his radio and started punching Plaintiff.

7.     In response to paragraph 7 of DSUMF, plaintiff agrees that plaintiff testified that he was hit, punched and elbowed by several officers and lost consciousness as a result of the assault.

8.     In response to paragraph 8 of DSUMF, plaintiff agrees that he was taken to Mt. Sinai Hospital, where he was treated for injuries he received during the altercation with Defendants.

9.     In response to paragraph 9 of DSUMF, plaintiff agrees that he filed a detainee grievance complaining about the officers' conduct on January 22, 2006.

10.    In response to paragraph 10 of DSUMF, plaintiff agrees that he testified that he signed and filed a grievance.

11.    In response to paragraph 11 of DSUMF, plaintiff agrees that he received the Cook County Department of Corrections (hereinafter "CDOC") response to his grievance on February 28, 2006.

12.    In response to paragraph 12 of DSUMF, plaintiff agrees that the CCDOC response to the grievance stated, "Plaintiff was the aggressor and attacked the CO, detainee manipulated cell lock and charged accordingly, no IAD case file warranted."

13. In response to paragraph 13 of DSUMF, plaintiff specifically denies and disagrees that plaintiff signed the response solely to acknowledge that he received the response. In signing the response, plaintiff also believed that he was taking all necessary steps to appeal the decision of the CCDOC. (Ex. A, pp. 66-67, p. 81, Exhibit B, Affidavit of Shaunte Robertson.)

14. In response to paragraph 14 of DSUMF, plaintiff agrees that he did not agree with the response of the CCDOC to the grievance.

15. In response to paragraph 15 of DSUMF, plaintiff agrees only that the CCDOC Detainee Grievance Referral and Response form contains a section marked "request for an appeal."

16. In response to paragraph 16 of DSUMF, plaintiff specifically agrees only that he did not complete anything below the section marked "request for an appeal." Plaintiff specifically denies that he did not submit an appeal to the CCDOC response to the grievance, in that he believed that he was taking all steps necessary to appeal the decision by signing the form. (Ex. A, pp.66-67, p. 81, Ex. B.)

17. In response to paragraph 17 of DSUMF, plaintiff agreed that he testified that he thought he appealed the grievance.

18. In response to paragraph 18 of DSUMF, plaintiff is without sufficient knowledge to agree or disagree with, or to admit or deny, that Laroy Warren maintains detainee grievance records for CCDOC, and therefore demands strict proof thereof.

19. In response to paragraph 19 of DSUMF, plaintiff is without sufficient knowledge to agree or disagree with, or to admit or deny, that Mr. Warren checked the master grievance file at CCDOC and determined that plaintiff did not file an appeal of the grievance response, and

therefore demands strict proof thereof.

20. In response to paragraph 20 of DSUMF, plaintiff is without sufficient knowledge to agree or disagree with, or to admit or deny, that the grievance procedure at CCDOC requires that a detainee file an appeal of the response if he is not satisfied with the response, and therefore demands strict proof thereof.

21. In response to paragraph 21 of DSUMF, plaintiff is without sufficient knowledge to agree or disagree with, or to admit or deny, that the CCDOC has established a grievance procedure that is available to all inmates, and therefore demands strict proof thereof.

22. In response to paragraph 22 of DSUMF, plaintiff is without sufficient knowledge to agree or disagree with, or to admit or deny, that if the detainee wishes to appeal the grievance decision, the detainee will have fourteen working days form receipt of the decision to appeal to the Administrator of Program Services, and therefore demands strict proof thereof.

**Plaintiff's Statement of Additional Facts, Pursuant to Local Rule 56.1(b)(3)(C)**

1. As of February 28, 2006 and at all times before, the plaintiff could not read or write. (Ex. A, p. 79, Ex. B.)

2. Plaintiff asked a fellow inmate, Mohammed, to complete a grievance for him relating to the incident on January 22, 2006. (Ex. A, p. 75, Ex. B.)

3. Plaintiff could not read the response that he received from the CCDOC to the grievance he filed for the incident on January 22, 2006.

4. A counselor at the Cook County Jail told him what the response was. (Ex. B.)

5. That same counselor instructed plaintiff that he should sign the response if he wanted to appeal it. (Ex. A, p. 81, Ex. B.)

6. Plaintiff followed the counselor's instructions by signing the response, which he then gave to the counselor. (Ex. A, p. 81, Ex. B.)

Respectfully Submitted:

s/ Anastasia X. Pavich
Counsel for the Plaintiff
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
(312) 782-8500
apavich@monicopavich.com