**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHAUNTAE ROBERTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 4398 |
| ) | |
| THOMAS DART, AS SHERIFF OF COOK COUNTY, ) | Judge Rebecca R. Pallmeyer |
| OFFICER WILFREDO TREJO, OFFICER CODY ) | |
| LETTIERE, SERGEANT CRAIG JOHNSON, ) | |
| CAPTAIN SCAIFE, OFFICER NICK PAOLINO, ) | |
| OFFICER SHAUN MENAGH, OFFICER ) | |
| HARRY VERA, OFFICER ALBERT LOPEZ, ) | |
| SERGEANT CRAIG SCHICKEL, LIEUTENANT ) | |
| LOWELL DAHMEN, OFFICER RONALD MARTINEZ, ) | |
| and DANIEL POPP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shauntae Robertson claims that five Cook County Department of Corrections ("CCDOC") officers and other unknown officers (Defendants) used excessive force against Plaintiff while he was a pre-trial detainee at the Cook County jail. (Am. Compl. [10] ¶¶ 16-17.) Plaintiff filed suit under 42 U.S.C. § 1983, alleging that Defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* ¶ 21.) Defendants have moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies with the CCDOC as required by the Prison Litigation Reform Act, amended at 42 U.S.C. § 1997e. (Mem. of Law in support of Def.s' Mot. for Summary Judgment [83] (hereinafter "Def.'s Mot.") at 2.) Plaintiff argues that a CCDOC officer effectively prevented him from appealing the grievance (Mem. of Law in Support of Pl.'s Resp. to Def.'s Mot. [89] (hereinafter "Pl.'s Resp.") at 2), and because the court concludes there is a genuine factual dispute about this issue, the motion for summary judgment is denied.

# FACTUAL BACKGROUND[1]

On January 22, 2006, Plaintiff, a pretrial detainee at a the Cook County jail, had a confrontation with Defendant Trejo, a CCDOC officer. ((Def.'s 56.1 ¶¶ 1-5.) According to Plaintiff, Defendant Trejo spoke on his radio and then began an unprovoked physical attack, punching Plaintiff. (*Id.* ¶ 6; Robertson Dep. 33:3-8.) Plaintiff testified that he was hit by other officers, as well, and eventually lost consciousness. (Def.s' 56.1 ¶ 7; Robertson Dep. 40:13-16.) Plaintiff was later taken to Mt. Sinai hospital and treated for injuries he received during the altercation. (Def.s' 56.1 ¶ 8.)

Plaintiff filed a detainee grievance concerning the incident on January 22, 2006. (*Id.* ¶ 9.) Plaintiff testified that as he is illiterate, he asked a fellow inmate, identified only as Mohammad, to complete the grievance form for him, but Plaintiff signed his own name to the form and filed it. (*Id.* ¶ 10; Robertson Dep. 75:12-17; 80:17; Robertson Aff. ¶¶ 5-7.) Plaintiff received the CCDOC response to his grievance on February 28, 2006. (Def.s' 56.1 ¶ 11.) The response concluded: "Plaintiff was the aggressor & attacked CO. Detainee manipulated cell lock & charged accordingly. No IAD case file warranted." (*Id.* ¶ 12.) Plaintiff did not agree with the response, but signed it to indicate he had received it. (*Id.* ¶¶ 13, 14.) The second page of the grievance form includes a section in which the detainee can appeal the response by writing his reasons for appeal in a blank space; Plaintiff did not do so and therefore did not execute an appeal of his grievance according to CCDOC procedures. (*Id.* ¶¶ 15, 16, 19.) Plaintiff nevertheless believed he had appealed the grievance. (*Id.* ¶ 17.) He asserts that a CCDOC counselor told him that if he wished to appeal, he

---

[1] The factual background is drawn from Defendants' statement of uncontested material facts [82] submitted pursuant to Local Rule 56.1(a)(3) (hereinafter "Def.s' 56.1") to which Plaintiff has replied and submitted a statement of additional facts [90] (hereinafter "Pl.'s 56.1"). Additionally, the record contains a deposition of Plaintiff [83-2] (Robinson Dep., Ex. A to Def.s' Mot and Pl.'s Resp.); an affidavit from Plaintiff [89-2], (Robinson Aff., Ex. B to Def.s' Mot.); a copy of Plaintiff's grievance [89-2] (Ex. B(2) to Pl.'s Resp.); and an affidavit from Leroy Warren, a CCDOC official who helped to administer the CCDOC detainee prisoner grievance procedures [83-2] (Warren Aff., Ex. B to Def.s' Mot.).

need only sign the response form, never informing him that he needed to state grounds for his appeal on the second page. (Robertson Dep. 81:15-17; Robertson Aff. ¶¶ 10,11.)

## **DISCUSSION**

Defendants now move for summary judgment, arguing that Plaintiff has failed to exhaust his administrative remedies with the CCDOC as required by the Prison Litigation Reform Act, amended at 42 U.S.C. § 1997e. The Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). An action by a detainee alleging that corrections officers used excessive force is a suit over "prison conditions" subject to the requirements of 42 U.S.C. § 1997e. *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001). Therefore, to comply with the statute, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

In this case, it is undisputed the CCDOC administers a grievance procedure that is available to all inmates. (Def.s' 56.1 ¶ 21; Warren Aff. ¶ 4.) It is also uncontested that Plaintiff filed a grievance and failed to execute an appeal when CCDOC officers told him that no action would be taken in response to his grievance and presented him with the paperwork to appeal that decision. (Def.s' 56.1 ¶ 16.) Defendants note, further, that CCDOC rules allow only 14 days in which a detainee may appeal the decision on a grievance and that exhaustion is now impossible because Plaintiff is no longer housed in the CCDOC. (Def.s' 56.1 ¶ 22; Warren Aff. ¶ 4.) As Plaintiff can no longer exhaust his administrative remedies, Defendants argue, they are entitled to summary judgment.

Exhaustion is an affirmative defense on which prison employees bear the burden of proof.

3

*Schaefer v. Bezy*, No. 08-3349, 2009 WL 1931187, at *3 (7th Cir. July 7, 2009) (citations omitted). Additionally, because Defendants seek summary judgment on the issue, the court will draw all reasonable inferences in the light most favorable to Plaintiff. *Id.* Defendants are entitled to summary judgment on the issue of exhaustion, and the court may dismiss the action with prejudice, only if there is no genuine issue of material fact that Plaintiff failed to exhaust available prison remedies through his own fault and that exhaustion is now impossible. *See Glick v. Walker*, 06-586-GPM, 2009 WL 1423996, at *4 (S.D. Ill. May 20, 2009) (*citing Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008)); *see also Santiago v. Snyder,* 211 Fed. Appx. 478, 480-81 (7th Cir. 2006) (dismissing with prejudice the claims of a prisoner who brought suit instead of appealing CCDOC grievance, because time for appeal had expired).

The fact that a prisoner has failed to exhaust administrative remedies may not by itself be dispositive, however. As the Seventh Circuit has observed,

> [a]lthough a prisoner must properly exhaust the administrative remedies within the prison before suing over prison conditions . . . he need exhaust only the remedies 'available' to him. A prison employee who prevents access to a remedy can render that remedy unavailable; in such circumstances, a failure to exhaust would not bar filing suit. . . .
>
> Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must 'establish affirmatively' that the evidence is so one-sided that no reasonable factfinder could find that [the plaintiff] was prevented from exhausting his administrative remedies.

*Schaefer*, 2009 WL 1423996, at *3 (internal citations omitted). Summary judgment is therefore inappropriate when there is a factual dispute as to whether Plaintiff was able to exhaust the administrative remedies effectively available to him; instead, the court must hold an evidentiary hearing to resolve the issue of exhaustion. *Id.*

In the present action, drawing reasonable inferences from the deposition and affidavit of Plaintiff, a reasonable factfinder could find that a CCDOC counselor effectively rendered an appeal unavailable to Plaintiff by giving him incorrect instructions about where to mark his grievance notice

4

receipt. Plaintiff has testified that he is illiterate and is able only to sign his name. (Robertson Dep. 80:17; Robertson Aff. ¶ 5.) Defendants have not disputed Plaintiff's claim that he did not agree with the CCDOC response to his grievance and that he thought he had appealed it. (Def.s' 56.1 ¶¶ 14, 17.) Plaintiff notes that he had a fellow inmate fill out his grievance form, but that when the time came for appeal, he did not have this assistance. (Robertson Aff. ¶¶ 6, 7; Robertson Dep. 75:12-17.) At this point, Plaintiff claims, the CCDOC officer advised him simply to sign his name if he wished to appeal and made no mention of the requirement that the detainee write in his reasons for appealing. (Robertson Dep. 81:15-17; Robertson Aff. ¶¶ 10,11; Def.s' 56.1 ¶¶ 15, 16.)

The Seventh Circuit has recognized that prison officials may render exhaustion unavailable to a prisoner by mishandling, misinforming, or failing to respond to a prisoner's complaint:

> The 'availability' of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue. . . . Our approach, then, has been to focus on whether the plaintiff did all he could to avail himself of the administrative process. If he followed the prescribed steps and could do nothing more, then available remedies were exhausted.

*Wilder v. Sutton*, 310 Fed. Appx. 10, 13 (7th Cir. 2009) (citations omitted). Prison officials may render exhaustion unavailable to a prisoner by instructing a prisoner to file only an informal grievance (*id.* at 14); by failing to provide proper grievance forms, *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006); *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004); by failing to show that they had made grievance procedures available to a prisoner allegedly kept in isolation with a broken arm, *Pavey v. Conley*, 170 Fed. Appx. 4, 5 (7th Cir. 2006); or by failing to "respond to a properly filed grievance or [by] otherwise us[ing] affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Finally, "if a prisoner is told to wait to file a grievance, and that wait makes the claim untimely, then that too will have made the process unavailable." *Wilder*, 310 Fed. Appx. at 13 (citing *Brown v. Croak,* 312 F.3d 109, 112 (3d Cir. 2002).

In *Brown*, a Third Circuit case cited with approval by the Seventh Circuit in *Wilder*, plaintiff

contended that when he informally complained to prison officers, they told him to wait until they had completed an investigation before filing a formal grievance. When plaintiff ultimately filed the grievance, prison officials declared it untimely. *Brown*, 312 F.3d at 112. The Third Circuit vacated the district court's grant of summary judgment for the defendants, observing that "[the plaintiff's] claim that prison officials told him to wait is a factual question that is disputed, has not yet been disproved by defendants, and has not been resolved adequately by a trier of fact." *Id.*

Defendants cite *Santiago v. Snyder*, 211 Fed. Appx. 478, 480-481 (7th Cir. 2006) for the proposition that confusion about the necessary steps for exhaustion of remedies does not excuse the failure to exhaust. In *Santiago*, the plaintiff argued that he delayed in filing and ultimately exhausting one of his prison grievances because he was "confused" about when to do so. Confusion was the prisoner's own fault, the court concluded; thus, the statute of limitations was tolled only from the date his grievance was properly filed. *Id.* The court noted in support of this result that prison officials "did not suggest anything about the grievance procedures [the plaintiff] should pursue, and it should not have been the cause of any confusion." *Id.* In the case before this court, by contrast, Plaintiff was not merely confused; he claims that he relied to his detriment on misinformation from a CCDOC staff member which, due to his illiteracy, rendered an appeal functionally unavailable. The court concludes there is a factual dispute concerning Plaintiff's claim that a prison official interfered with exhaustion, precluding summary judgment on this issue.[2]

---

[2] In light of this conclusion, the court need not resolve Plaintiff's alternative argument: that Defendants should be equitably estopped from raising an exhaustion defense because they fraudulently or unfairly prevented Plaintiff from exhausting his CCDOC grievance. (Pl.'s Resp. at 7-8.) The Seventh Circuit has not to date applied the equitable estoppel doctrine with respect to the exhaustion requirement, *see, e.g., Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) ("... we have explicitly avoided deciding whether equitable estoppel applies in this context.") (citations omitted), and this court declines to do so here. *But see Ledbetter v. Emery,* No. 08-3106, 2009 WL 1871922, at *5 (C.D. Ill. June 26, 2009) (finding that plaintiff failed to exhaust available administrative remedies as to some defendants but ordering an evidentiary hearing on the argument that remaining defendant was equitably estopped from raising the exhaustion defense due to his coercive conduct).

This conclusion does not yet require a trial on the merits of Plaintiff's claim. As the Seventh Circuit explained in *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the Seventh Circuit announced that "in the ordinary case," disputes over prisoner exhaustion are to be settled as a matter of law by the judge before proceeding to discovery on the merits. *Id.* The court directed that in a case where exhaustion is disputed, the district court should conduct a hearing on the issue, after permitting any necessary discovery. If the court concludes the prisoner failed to exhaust, there are three possibilities: either

> (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust;
>
> (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and [the prisoner therefore] must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or
>
> (c) the failure to exhaust was the prisoner's fault, in which event the case is over.[3]

There are few opinions detailing the scope of an evidentiary hearing; one is *Ledbetter v. Emery*, No. 08-3106, 2009 WL 1871922, at *5 (C.D. Ill. June 26, 2009). In *Ledbetter,* the court granted summary judgment for several defendants because of the plaintiff's failure to exhaust reasonably available remedies. As to the remaining defendant, however, the court noted that

---

[3]      Not all disputes of this nature have required a hearing; several courts have dismissed an action on the summary judgment record alone, and without holding an evidentiary hearing, when that record contains no factual dispute as to whether prison officers prevented a prisoner from exhausting. *See Parker v. Walker*, No. 06-779-CJP, 2009 WL 1209066, at *3 (S.D. Ill. May 4, 2009) (dismissing action with prejudice because the plaintiff was "not claiming that prison employees interfered with his efforts to exhaust a grievance."); *see also Peterson v. Miami Correctional Facility*, No. 3:07-CV-397, 2009 WL 523117, at *6 (N.D. Ind. Feb. 27, 2009) (dismissing action because the record "showed [the plaintiff] did not submit anything [to prisoner officials] related to the single claim that remains before this court."). At least one court has found, without holding an evidentiary hearing, that a prisoner was prevented from properly exhausting, where the defendants raised the issue for the first time after discovery on the merits was completed. *See Bojorquez v. Fitzsimmons*, No. 07-1001, 2009 WL 790950, at *4 (C.D. Ill. March 23, 2009) (finding that a non-English-speaking prisoner "who was apparently provided no help . . . in filing a grievance" had exhausted available remedies because he "provided as much
information [on grievance forms] as possible.")

7

"[t]here are no affidavits from [the defendant] or the plaintiff, and the question may be one of credibility in any event. . . ." The court therefore ordered both parties to be present in person for an evidentiary hearing on whether the remaining defendant coerced the plaintiff into not filing a prison grievance. *Id.*

In the case before this court, the scope of an evidentiary hearing may be narrower than the one necessary in *Ledbetter*, as the record already contains a lengthy deposition in which Plaintiff asserted that he was unable to complete his grievance appeal form because of his illiteracy and misinformation from a CCDOC official. *See Wilder*, 310 Fed. Appx. at 13 (stating that "[i]f [the plaintiff] followed the prescribed steps and could do nothing more, then available remedies were exhausted."). Defendants, who bear the burden of proof on this affirmative defense, will need to demonstrate that no officer in fact did render an appeal unavailable to Plaintiff through misinformation.

## **CONCLUSION**

Defendants' motion for summary judgment [80] is denied. This case is set for status hearing on August 18, 2009, at 9:00 a.m. for purposes of scheduling a brief evidentiary hearing on the issue of exhaustion. The parties are encouraged to explore the possibility of settlement.

ENTER:

Dated: August 3, 2009

_____
REBECCA R. PALLMEYER
United States District Judge

8