UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNTE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 4398 |
| v. | ) | |
| | ) | Magistrate Judge |
| THOMAS DART, as SHERIFF OF COOK COUNTY, et al., | ) | Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE**

NOW COME Defendants, by their attorney Anita Alvarez, Cook County State's Attorney, and through her assistant, Michael L. Gallagher, request this Court to enter an Order *in Limine,* to prevent any mention in opening statement, questioning of witnesses, closing argument or in any other way before the jury, of the following matters:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNTE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 4398 |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| THOMAS DART, as SHERIFF OF COOK COUNTY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION IN LIMINE NO. 1

### DEFENDANTS' MOTION IN LIMINE TO BAR REFERENCE TO CCDOC GENERAL ORDERS

Now come Defendants and move this Court for an Order *in limine* barring Plaintiff from offering any testimony, evidence, or argument regarding the existence of, or standards set by, any CCDOC General Orders or other policies and procedures. Defendants' motion should be granted because such Orders, policies and procedures are not relevant and that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and jury confusion.

It is anticipated that Plaintiff will attempt to introduce the General Orders into evidence in order to attempt to prove that Defendant Officers used excessive force. However, violations of CCDOC rules do not rise to the level of a constitutional violation. Violations of state statutes, local ordinances and administrative or department regulations do not give rise to an action under § 1983, unless the rights are guaranteed under the United States Constitution. *See* Davis v. Scherer, 468 U.S. 183,194 (1984); Kraushaar v. Flanigan, 45 F.3d 1040,1048-49 (7th Cir. 1995); Klein v. Ryan, 847 F.2d 368,374 (7th Cir. 1988). Courts look to federal law, not state or municipal regulations, to determine the existence and scope of personal liberties and protected by the due process clause of the fourteenth amendment and the "reasonableness" standard under the Fourth Amendment. *See* Archie v. City of Racine, 847 F.2d 1211. 1215-18 (7th Cir. 1988)(en banc): see also Graham v. Connor, 490 U.S. 386, 393-95 (1989); Smith v. Freland, 954 F.2d 343, 347-48 (6* Cir. 1992) ("Under the § 1983,

the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force."). What may not be expressly authorized by a police department's rules may be justified and constitutionally reasonable. See Abbot v. City of Crocker, Mo.,. 30 F.3d 994,997-999 (8th Cir. 1994). At issue here is whether the Defendant Officers violated the plaintiffs' constitutional rights. Accordingly, whether the Defendant Officers violated department regulations is irrelevant and immaterial.

In Thompson v. City of Chicago, the Seventh Circuit held that General Orders pertaining to the use of force have no consequence whatsoever, and would fail to advance the inquiry into whether an Officer violated the Plaintiff's constitutional rights by using excessive force. 472 F.3d 444, 453 (7th Cir. 2006). In addition, CCDOC General Orders pertaining to the operation and maintenance of video camera/logbooks would do nothing to advance the inquiry into whether Defendants used excessive force or conspired against him to do so.

Moreover, permitting Plaintiff to present evidence to the jury that Defendant Officers or other CCDOC personnel may have breached some obligation to the CCDOC through an "alleged" rules violation would be gravely prejudicial to the Defendant Officers in the defense of this matter. Walker. 1992 WL 317188 at *4 (granting motion in limine because of confusion in distinguishing a Chicago Police Department rule violation from a Constitutional violation). A jury presented with such a "violation" would have difficulty separating the purported rules violation, for which plaintiff has no claim, from the alleged constitutional violation issues on which the jury is deciding liability and damages. Id. There is a clear risk that a juror presented with evidence of a rules violation would assume, in spite of any instructions to the contrary, that a constitutional violation had occurred. The resulting jury confusion would only serve to obscure the central issues in this case. Accordingly, Plaintiff should not be permitted to interject the possibility of rules violations into these proceedings. Fed. R. Evid. 401,402 and 403.

Any arguable probative value of the guidelines would be substantially outweighed by the potential for unfair prejudice as the jury would likely place undue reliance upon these standards in

formulating their decision regarding the Defendant Officers' conduct. A lay jury likely would be led to believe that a CCDOC General Order regarding excessive force is an appropriate standard by which to measure the officers' conduct in this case. Indeed, there is no logical reason for Plaintiff to offer such evidence other than as an express or implied standard of conduct. Such evidence would, therefore, be extremely unfair and prejudicial to Defendants as Illinois law clearly holds that a violation of such Orders is not evidence of willful and wanton conduct. Morton, 286 Dl.App.3d at 454.

As the General Orders or other procedures are not indicative of any legal duty or evidence of willful and wanton conduct, whatever probative value they may have with respect to this issue is greatly outweighed by the potential for prejudice to the defendants by the jury placing undue weight on their value. In order to prevent such improper consideration, any reference to General Orders or other unspecified CCDOC procedures should be barred from evidence.

Respectively submitted,

/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 604-3124