UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNTE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 4398 |
| v. | ) | |
| | ) | Magistrate Judge |
| THOMAS DART, as SHERIFF OF COOK COUNTY, et al., | ) | Jeffrey Cole |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMTNE NO. 2**

**DEFENDANTS' MOTION IN LIMINE TO BAR GENERALIZED
EVIDENCE OF ALLEGED OFFICER CODE OF SILENCE**

Now come Defendants and move this Court for an Order *in limine* barring Plaintiff from offering any testimony, evidence, or argument that officers in general lie, cover-up or otherwise maintain a "code of silence" to protect their fellow officers. This Court should exclude such evidence because it is not relevant to the jury's determination of the credibility of the officers' testimony in this case and would be extremely prejudicial to Defendants.

It is anticipated that Plaintiff will attempt to introduce at trial generalized testimony, evidence, or argument of an alleged officer "code of silence" maintained by the CCDO officers to protect fellow officers accused of wrongdoing. Evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. Fed R. Evid. 403.

At trial, the only relevant inquiry is whether Defendants used unreasonable force against Plaintiff. Moreover importantly, Plaintiff has not made a "conspiracy" claim against the Defendants. Given this narrow inquiry, general evidence of an officer "code of silence" or similar slander has no

bearing whatsoever on the jury's assessment of the Defendant Officers' conduct in this case. Such generalized evidence has no specific relationship to the officers testifying in this case, it is not relevant to the jury's determination of their credibility. See People v. Currie. 84 Ill. App. 3d 1056,1061-62 (1st Dist. 1980) (excluding evidence that police officers had motive to lie on stand to cover up police practice of using ruse to enter premises during drug raids). See also Shaw v. City of New York, No. 95 Civ. 9325,1997 WL 187352, at *7-8 (S.D.N.Y. Apr. 15, 1997) (excluding evidence of blue "code of silence" by which New York City police officers protect fellow officers and lie if necessary to do so); Heflin v. City of Chicago, No. 95 C 1990, 1996 WL 28238, at *4 (N.D. Ill. Jan. 22,1996) (granting unopposed motion to exclude evidence that police officers generally protect or cover-up other officers' misconduct). Moreover, as the court warned in Shaw:

> If [evidence of a police "code of silence"] were held admissible here, it logically would be admissible in every suit, civil or criminal, in which a police officer was alleged to be lying to support the testimony of a fellow police officer. Indeed, it would be admissible in every civil and criminal case in which even a single police officer testified. The Court declines to establish such a precedent. Id

This Court too should decline to open the floodgates to such evidence. Furthermore, even if general evidence of an officer "code of silence" were relevant to the matters at issue or the credibility of testimony in this case, this Court should nonetheless exclude such evidence because its prejudicial effect substantially outweighs its probative value. Indeed, given its lack of connection to the specific issues and persons in this case, "its probative value is very, very slim, and its prejudicial [impact] is very, very high." Shaw, 1997 WL 187352, at *7. Accordingly, this Court should bar Plaintiff from presenting at trial any testimony, evidence or argument that officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow officers.

WHEREFORE, Defendants request that the Court enter an Order *in limine* consistent with the relief sought by this Motion.

Respectively submitted,

<u>/s/ Michael L. Gallagher</u>
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 604-3124