UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNTE ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 4398 |
| v. | ) | |
| | ) | Magistrate Judge |
| THOMAS DART, as SHERIFF OF COOK COUNTY, et al., | ) | Jeffrey Cole |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MOTION IN LIMINE NO. 4**

**DEFENDANTS' MOTION IN LIMINE TO BAR EVIDENCE OR
SUGGESTION THAT DEFENDANT OFFICERS ARE INDEMNIFIED**

Now come Defendants and move this Court for an Order *in limine* barring Plaintiff from offering any testimony, evidence, or argument indicating that the Defendant Officers may be indemnified against any judgment in this action. For the same reasons, Defendants move that the County be removed from the caption of this case. The County is sued solely on the basis of *respondeat superior*, and Defendants' Motion for Summary Judgment was granted regarding Plaintiff's Monell claim. The County has agreed to indemnify the officers for any damages assessed in this case. Therefore, the only reason to include the County as a defendant is to signal the jury that deep pockets are available to pay any judgment. Such a signal runs afoul of federal and Illinois law that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. Fed. R. Evid. 411. See also, Walker v. Saenz. 1992 WL 317188, at *3 (N.D. Hl. Oct. 27, 1992) (Williams, J.); Larez v. Holcomb, 16 F.3d 1513 (9th Cir. 1994) (holding that instructions to jury on indemnification in § 1983 action required new trial); Green v. Baron, 879 F.2d 305 (8th Cir. 1989) (stating that instructions concerning indemnification

are extremely prejudicial); <u>Griffin v. Hillke</u>, 804 F.2d 1052 (8th Cir. 1986) (declaring indemnification instructions to constitute reversible error). Knowledge that the County will indemnify defendant officers for possible damages might encourage jurors to find for Plaintiff—regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors.

Defendants further move this Court for an Order *in limine* barring Plaintiff from making any reference to defendants' attorneys or any of the parties as "State's Attorneys" or "Assistant State's Attorneys," "The County's lawyers," or "The County," or similar terms. Defendants' motion should be granted because reference to defendants' attorneys' corporate nature and affiliation with the County is improper and will serve no purpose other than to improperly suggest to the jury that the County - not the Defendant Officers - will pay any judgment in this case.

WHEREFORE, Defendants request that the Court enter an Order *in limine* removing Cook County from the caption of the case and preventing plaintiff from offering any testimony or argument referring to the County, County lawyers or "assistant state's attorneys".

Respectively submitted,

<u>/s/ Michael L. Gallagher</u>
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124