# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAUNTE ROBERTSON,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | No. 07 C 4398 |
| v.            ) | |
| ) | Magistrate Judge |
| THOMAS DART, as SHERIFF OF COOK   ) | Jeffrey Cole |
| COUNTY, et al.,            ) | |
| ) | |
| Defendants.            ) | |

## DEFENDANTS' MOTION IN LIMINE NO. 5

## DEFENDANTS' MOTION IN LIMINE TO BAR TESTIMONY OR ARGUMENT REGARDING THE INVESTIGATORS' ACTIONS AFTER THE INCIDENT AND OF THE POST INCIDENT INVESTIGATION

Now come Defendants and move this Court for an Order *in limine* barring Plaintiff from offering any testimony, evidence, or argument, except for impeachment purposes, regarding the nature and quality of the post-incident investigation.

Defendants' motion should be granted because well-established public policy prohibits disclosure of such investigations as post-occurrence remedial measures — as is argued in a separate motion filed herewith – and any reference to such measures would be unfairly prejudicial. Defendant Officers were not present for the vast majority of this investigation, and neither conducted nor had any responsibility for the investigation. Any negligence or errors by persons conducting the investigation have no probative value for determining whether the Defendant Officers violated Plaintiff's constitutional rights. Defendants do not seek to exclude use of any statements by any witnesses such as for impeachment purposes. Rather, Defendants seek to limit the officers' potential liability to those actions that they actually performed. It would be manifestly unfair to require Defendant Officers to answer for any perceived negligence of other officers who

have not been sued or who are not defendants.

Some of the actions of other investigator(s) after the incident include the gathering of statements from Plaintiff, Defendants, non-defendant officers, medical personnel and inmate witnesses. None of these or similar actions are probative of whether the Defendant Officers should be liable to Plaintiff. Under the both 42 U.S.C. §1983 and Illinois Tort Immunity Act Defendant Officers are not liable "for an act or injury caused by the act or omission of another person." 745 ILCS 10/2-204; and Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003). Thus, Defendant Officers are immunized from liability for any actions by other police department personnel. As discussed in Defendants' motion *in limine* on indemnification, the County is only sued in its capacity as principal of Defendant Officers. Therefore, Plaintiffs use of any evidence regarding the post-incident investigation is an improper attempt to saddle Defendant Officers with liability for the alleged ineptitude of others.

Further, Public employees serving in a position involving the determination of policy or the exercise of discretion are not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201. "Discretionary acts" that are protected by immunity under the Local Governmental and Governmental Tort Immunity Act are those that are unique to the particular public office and involve the exercise of judgment. Roark v. Macoupin Creek Drainage, 316 Ill.App.3d 835,840, 738 N.E.2d 572, 579,250 Ill.Dec. 358, 363 (2000). Conducting a police investigation is a discretionary act under this provision. Konrad v. Genualdi, 1996 WL 556985 *4. Accordingly, an improperly performed investigation cannot lead to any liability, and certainly not for Defendant Officers who had no role in that investigation.

Finally, it is uncontested that the CCDOC conduct investigations into all alleged incidents of excessive force against detainees, and because it is standard operating procedure, the plaintiff

should not be allowed to introduce the fact that an investigation occurred to imply that Defendant Officers were engaged in wrongdoing. In the case at bar, admission of any evidence of this investigation would be unfairly prejudicial to Defendants because the simple decision to collect information and data regarding the incident is not probative of any of the issues involved in this case and the conduct of that investigation was not the responsibility of the Defendant Officers.

WHEREFORE, Defendants request that the Court enter an Order *in limine* consistent with the relief sought by this Motion, including but not limited to excluding evidence of the post-incident investigation, and any attack on the investigation conducted by the CCDOC.

Respectively submitted,

/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3124